IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT S. PHILPOTT                                                                      PLAINTIFF

v.                                            Civil No. 2:20-CV-02130

SEBASTIAN COUNTY, *et. al.*                                                      DEFENDANTS

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

Currently before the Court is the issue of Plaintiff's *in forma pauperis* status.

Plaintiff filed his Complaint on July 29, 2020. (ECF No. 1). It was provisionally filed the

same day. (ECF No. 3). On August 3, 2020, Plaintiff was granted *in forma pauperis* ("IFP")

status. (*Id*. at 5). An additional review of Plaintiff's federal cases revealed that Plaintiff has had

at least three cases, filed when he was incarcerated or detained, which were dismissed as frivolous

or as failing to state a claim.[1]

The IFP statute, 28 U.S.C. § 1915, was amended by the Prison Litigation Reform Act

("PLRA"). A provision, § 1915(g), was added that limits the ability of a prisoner, who has filed

at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim,

to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner
> has, on three or more prior occasions, while incarcerated or detained in any facility,
> brought an action . . . in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger of serious physical
> injury.

---

[1] Plaintiff has also brought several cases in both the Eastern and Western Districts of Arkansas which were
dismissed as frivolous or as failing to state a claim when he was not incarcerated or detained.

*See also Higgins v. Carpenter*, 258 F.3d 797, 800-801 (8th Cir. 2001) (holding that §1915(g) is constitutional).  This provision has commonly become known as the "three strikes rule" or the "three strikes provision."

In this case, the three strikes rule applies to Plaintiff.  He has at least three previous prisoner-initiated actions that qualify as strikes against him under 28 U.S.C. §1915(g).  They are: *Philpott v. Sebastian County Courthouse*, Case No. 2:11-cv-02101 (W.D. Ark. Sept. 6, 2011); *Philpott v. Barnett*, Case No. 2:07-cv-02074 (W.D. Ark. Nov. 30, 2007); and, *Philpott v. Arkansas*, Case No. 5:07-cv-00161 (E.D. Ark. July 7, 2007).  Plaintiff has therefore accumulated three strikes prior to filing the instant lawsuit on July 29, 2020.

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. §1915(g) (providing that three strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury").  The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this suit.  Instead, he has alleged claims for  an illegal one-half inch thick sleeping mat, denial of "an hour out," placement in a cell with an inmate who had COVID-19 when Plaintiff did not have it, and the denial of commissary access to inmates in quarantine.  (ECF No. 1 at 6-10).  Plaintiff does not indicate how he knew that the inmate had COVID-19 or how he knew that he did not.  Nor does he allege that he contracted COVID-19, only that he could have.  (*Id*. at 6).  Finally, he does not allege that he was still housed

with that inmate at the time he filed this case.  Thus, he has failed to satisfy the imminent danger exception to the three strikes rule, and Plaintiff's IFP status was improvidently granted.

For the foregoing reasons, Plaintiff's IFP status is hereby **REVOKED**.  **Plaintiff is directed to pay the full $350.00 filing fee by September 14, 2020.**  If Plaintiff fails to pay the full filing fee by September 14, 2020, this case **shall be dismissed** for failure to prosecute.

It should be noted that, in the event Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.  In addition, Plaintiff is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury.

The Court CERTIFIES, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

IT IS SO ORDERED this 13th day of August 2020.

/s/ P. K. Holmes, III

P. K. HOLMES, III
U.S. DISTRICT JUDGE