IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


ROBERT S. PHILPOTT                                                    PLAINTIFF

v.                                    Civil No. 2:20-CV-02130

SEBASTIAN COUNTY; SEBASTIAN                              DEFENDANTS
COUNTY SHERIFF'S DEPARTMENT;
DEPUTY SHERIFF HEWING; DEPUTY
SHERIFF ROGERS; DEPUTY SHERIFF
JENKINS; BIVENS ACT (all unknown
Sheriffs and Sheriff's Deputies in the
Sebastian Sheriff's Department)


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United

States District Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.        BACKGROUND

Plaintiff filed his Complaint on July 29, 2020.  (ECF No. 1).  On August 3, 2020, Plaintiff

was granted *in forma pauperis* ("IFP") status, as there was some question as to whether his prior

cases had resulted in the accumulation of three strikes pursuant to the PLRA.  (ECF No. 5).  On

August 13, 2020, after additional research into Plaintiff's prior cases, his IFP status was revoked

and he was ordered to pay his filing fee by September 14, 2020. (ECF No. 8). On September 10, 2020, Plaintiff filed a Supplement to his Complaint and a Motion to Extend the deadline to pay the filing fee. (ECF Nos. 11, 12). Attached to the Motion to Extend was a Proposed Motion to Proceed IFP. (ECF No. 12-1). Based on the allegations contained within the proposed motion, it was determined that Plaintiff had sufficiently alleged that he was in imminent danger of physical harm from COVID-19 and, therefore, eligible to proceed IFP despite his three-strike status. (ECF No. 14). Plaintiff's Motion to Extend the deadline to pay the filing fee was denied as moot, and Plaintiff was granted IFP status on September 15, 2020. (ECF No. 14).

In his Complaint and subsequent filings, Plaintiff alleges his federal constitutional rights were violated in the Sebastian County Detention Center ("SCDC") because he was knowingly placed in a cell with an inmate who had tested positive for COVID-19 when Plaintiff himself had tested negative. (ECF No. 1 at 7; ECF No. 12-1). At the time of filing his Complaint, Plaintiff was still housed with the COVID-positive inmate. (ECF No. 12-1 at 2). Plaintiff further alleges that he has was forced to sleep on an illegally thin yoga mat on June 13,[1] July 4, and July 13, 2020.[2] Plaintiff's description of the mat thickness varied in his documents, with estimates of one-half inch (ECF No. 1 at 6, 7), and "1/2 to 1 to 2 in[ches] thick." (ECF No. 11 at 1). Plaintiff does not indicate if the mats were used on a bunk or on the floor. He does not allege he suffered any physical harm from sleeping on the mats. Plaintiff also alleges that, on those same dates, he was denied an "hour out," was denied commissary access while in quarantine, and was denied his "indigent" paper and envelopes. (ECF Nos. 1 at 3, 6-10; ECF No. 11 at 1). He alleges these

---

[1] According to Plaintiff's Complaint, his incarceration in SCDC began on June 18, 2020. (ECF No. 1 at 4).
[2] Plaintiff lists these dates for his claims, but then uses language that, at times, could be interpreted as though he is referring to his entire time at SCDC up until he filed his Complaint, approximately 41 days. The Court will, therefore, address time-relevant claims accordingly.

conditions cause him stress and made him more likely to be susceptible to contracting COVID-19. (ECF No. 1 at 6).  Plaintiff does not allege that he has tested positive for COVID-19.

Plaintiff proceeds against all Defendants in both their official and personal capacity.  (ECF No. 1 at 6-9).  He seeks compensatory damages.  (ECF No. 1 at 9).

## II.    LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

### A.    Sebastian County Sheriff's Department

Plaintiff has named the Sebastian County Sheriff's Department as a Defendant.  The Sebastian County Sheriff's Department is not a "person" subject to suit under § 1983.  *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (police and sheriff's departments are not

usually legal entities subject to suit); *La Garza v. Kandiyohi County Jail*, 18 F. App'x 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that the jail is not an entity subject to suit). Thus, Plaintiff's claims against the Sebastian County Sheriff's Department are subject to dismissal.

> **B.    Official Capacity Claims against Sebastian County Employees Hewing, Rogers, and Jenkins**

Plaintiff named Sebastian County as a Defendant and brings official capacity claims against Sebastian County employees. Plaintiff's official capacity claims against the Sebastian County employees are subject to dismissal. This is because "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, because the county is, in both cases, the real party in interest, the claims are duplicative. The law is clear that dismissal of duplicative claims is proper. *Id.* ("Thus, the court properly dismissed the claim against Leonard as redundant of the claim against the City."); *Williams v. Robinson*, 623 F.App'x 832, 833 (8th Cir. 2015) ("We also conclude that the official-capacity claims against the JCDC employees were subject to dismissal as duplicative of the claims against Jackson County.").

> **C.    Bivens Act Claims**

The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 389 (1971). "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir. 1990).

Here, Plaintiff attempts to bring a *Bivens* claim against "all unknown Sheriffs and Sheriff's Deputies in the Sebastian Sheriff's Department." As these Defendants are all county officials, as opposed to federal officials, his *Bivens* claim against them is subject to dismissal.

### D.    Conditions of Confinement

Plaintiff fails to state any plausible conditions of confinement claims. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Conditions are not cruel and unusual merely because they are harsh or uncomfortable. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations

5

and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury to receive compensation, and the injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff's allegation that he was forced to sleep on an unacceptably thin yoga mat fails to state a plausible claim. Plaintiff did not indicate whether he was using his sleeping mat on a bunk or the floor. In either case, his claim that he had to sleep on a thin mat for two days fails to state a plausible constitutional claim. Plaintiff does not allege that he suffered from any medical condition which would require a mat thicker than what he was given. Thus, even if Plaintiff had alleged he had been sleeping on the floor without *any* mat for two days, his claim must fail. *See e.g. Hamilton v. Mauldin*, 2015 WL 898080, at *2 (W.D. Ark. Mar. 3, 2015) (requiring inmate to sleep on floor without a mattress and only blanket and two sheets for seven or eight nights not a constitutional violation (citing *O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 84 (8th Cir.1996) (inmate forced to spend four days sleeping on a concrete slab without a blanket or mattress did not state a constitutional violation); *Williams v. Delo,* 49 F.3d 442 (8th Cir.1995) (holding that four days without water, a mattress, bedding, clothing, legal mail, or hygienic supplies did not violate the Eighth Amendment). *See also Desroche v. Strain,* 507 F.Supp.2d 571, 579–80 (E.D. La. Aug. 16, 2007) (Sleeping on the floor in a crowded holding tank for ten days fails to state a constitutional

violation because the conditions were temporary, and the short duration did not result in sufficiently serious conditions posing a substantial risk of serious harm to the inmate.) (citing *Farmer* 511 U.S. 825, 834 (1994)).

Further, if Plaintiff slept on the floor with a mat from June 18, 2020, through the date he filed this Complaint, a period of 41 days, this allegation would also fail to establish a plausible claim that he was deprived of the minimal civilized measure of life's necessities. *See e.g., Hubbard v. Taylor,* 538 F.3d 229 (3d Cir. 2008) (having to sleep on a mat on the floor for three to seven months was not excessive).

Finally, Plaintiff fails to allege that he suffered any physical harm, *de minimis* or otherwise, from sleeping on a thin mat. Plaintiff, therefore, fails to state a plausible constitutional claim based on his allegation that his sleeping mat was "illegally" thin.

Plaintiff also alleges he was denied an "hour out." The Court will assume, for the purposes of screening, that this means he was denied an hour of recreation either for 41 days or only on July 4 and July 13, 2020. A constitutional violation can exist if prison officials are deliberately indifferent to an inmate's exercise needs. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Id*. Plaintiff does not allege any muscle atrophy or other ill-effect from the denial of recreation. Plaintiff, therefore, fails to state a plausible claim because he was denied his "hour out," whether that denial occurred for 2 days or 41 days.

### E.   Denial of Access to the Commissary

There is no constitutional right to access to a commissary. *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996). Thus, Plaintiff's allegation that he was denied access to the SCDC commissary fails to state a plausible claim.

F.    **Access to Courts**

Plaintiff's allegation that he was denied indigent paper and envelopes fails to state a plausible claim.  The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977).  Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation.  *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).  However, an inmate has no standing to pursue an access claim unless he can demonstrate he suffered prejudice or actual injury resulting from the prison officials' conduct.  *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-980 (8th Cir.1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993).  "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. at 824-5; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir.1996) (citing *Lewis v. Casey,* 518 U.S. at 350-1). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds,* 430 U.S. at 824-5.

In this case, Plaintiff merely alleges that he was denied indigent paper and envelopes at some point. Plaintiff fails to allege he suffered any actual injury or prejudice resulting from the failure to receive indigent paper and envelopes. He was able to obtain a § 1983 form and file this lawsuit. He was also able to file a supplement and two motions with the Court in a timely manner. Therefore, he fails to state a plausible claim for denial of meaningful access to court.

## IV.    CONCLUSION

Accordingly, it is recommended that the following claims be DISMISSED WITHOUT PREJUDICE:

1. All claims against the Sebastian County Sheriff's Department.

2. The official capacity claims against Sebastian County employees Hewing, Rogers, and Jenkin.

3. The Bivens Act claims.

4. The conditions of confinement claims based on a thin sleeping mat and denial of access to the commissary.

5. The claim based on denial of access to the commissary.

6. The denial of access to courts claim based on denial of indigent paper and envelopes.

Plaintiff's claim that he was knowingly exposed to COVID-19 remains for further review.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 15th day of October 2020.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE